UNITED STATES v. THROCKMORTON. See Case No. 15,121.

UNITED STATES (THURN v.). See Case No. 14,015.

---

## Case No. 16,517.

UNITED STATES v. TIERNEY.

[1 Bond, 571.] [1]

Circuit Court, S. D. Ohio. April Term, 1864.

CRIMINAL JURISDICTION OF UNITED STATES—PLACE RENTED FOR MILITARY CAMP—CONCURRENT STATE JURISDICTION.

1. Land rented to the United States, to be used temporarily as a camp, is not a place, with-

[1] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

in the terms of the constitution of the United States, over which the United States have "sole and exclusive jurisdiction."

2. Within such camp the jurisdiction of the United States would only be such as was necessary for military purposes and required for the enforcement of discipline and the execution of the rules and articles of war.

3. The United States possesses exclusive jurisdiction of places that have been purchased by the United States by consent of the legislature of the state, for the purpose of erecting a fort, magazine, arsenal, dock-yard, or other needful building.

[Cited in Nebraska v. Pollock, Case No. 10,077.]

4. The courts of the United States have no jurisdiction of an offense against section 16 of the act of congress of 1790 [1 Stat. 116], committed in a place where the jurisdiction of the United States is concurrent with that of a state.

[This was an indictment against Patrick Tierney upon the charge of larceny, under the crimes act of April 30, 1790. On a plea to the jurisdiction.]

Flamen Ball, U. S. Dist. Atty.
John M. Staples, for defendant.

LEAVITT, District Judge. The indictment against the defendant in this case, is based upon section 16 of the crimes act of April 30, 1790, which provides, "that if any person within any of the places under the sole and exclusive jurisdiction of the United States, or upon the high seas, shall take and carry away with intent to steal or purloin the personal goods of another," etc., shall be liable to the punishment prescribed. The charge against the defendant is the stealing of a mule at a place called "Camp Hurtt," and the indictment alleges that it is "a military camp of the United States, the site of which said camp is within the sole and exclusive jurisdiction of the United States." The defendant has filed a plea to the jurisdiction. By agreement of counsel, the facts in reference to the right of exclusive jurisdiction in the United States over the said camp have been submitted to the court. These facts are, in substance, that on March 19, 1863, by a written agreement between Timothy Kirby and Capt. Hurtt, assistant-quartermaster of the United States, Kirby leased to the United States a pasture-field containing about sixty acres of land for one month, with the privilege of using and occupying the same for six months, at the option of the government, at a stipulated rent. Was this field, alleged in the indictment to be within the limits of Camp Hurtt, a "place" within the sole and exclusive jurisdiction of the United States, so as to give this court jurisdiction of the larceny? The constitution of the United States (article 1, § 8) authorizes congress to exercise exclusive legislation "over all places purchased by consent of the legislature of the state in which the same

shall be, for the erection of forts, magazines, arsenals, dock-yards, and other needful buildings." Was the field rented by Kirby to the United States a "place," within the terms of the constitution, within or over which the United States had "sole and exclusive jurisdiction?" There are several reasons why this jurisdiction did not exist. The places over which exclusive jurisdiction is granted, are those which have been purchased by the United States for some of the purposes specified in the constitution, and the grant of power does not extend to a place or tract of land rented by the government for a temporary purpose. An unanswerable objection to the exercise of exclusive jurisdiction in this case is that the tract of land was not purchased of the United States by consent of the legislature of the state of Ohio, for this consent is essential to the exercise of exclusive jurisdiction by the United States. Again, it is clear, the purpose for which the land was rented is not within any of the specifications of the constitution, or within the scope of any of the terms used. The land was not purchased for the purpose of constructing a fort, magazine, arsenal, dock-yard, or other needful building. The constitution clearly implies the permanent use of the property purchased for the construction or erection of some of the structures designated, or some other needful building. It would be strange, indeed, if such an agreement for renting a piece of land to the United States should deprive the state of Ohio of all jurisdiction over it, and confer sole and exclusive jurisdiction to the United States. It is not in the power of a citizen thus to dispose of the right of a state over any part of her territory. The averment, in the indictment, that this tract was within the limits of Camp Hurtt, a military camp of the United States, does not withdraw it from the jurisdiction of the state. The jurisdiction of the United States would only be such as was necessary for military purposes, such as were required for the enforcement of discipline and the execution of the rules and articles of war. It seems clear, too, on the authority of the case of U. S. v. Davis [Case No. 14,930], that to sustain an indictment under section 16 of the act of 1790, the jurisdiction of the United States over the places referred to in the statute must be sole and exclusive; if merely concurrent with a state, the courts of the United States have no jurisdiction of the offense.

The plea to the jurisdiction is sustained.