### General Sessions—New York County.

*March,* 1886.

### PEOPLE *v.* MARRA.

JURISDICTION OF STATE OVER CRIME COMMITTED IN NEW YORK POST-OFFICE.

Courts of the State of New York have no jurisdiction to prosecute for or punish offenses committed within the United States post-office in the city of New York.

MOTION in arrest of judgment, by Pierico Marra, defendant.

Joseph Borocko went, on September 17, 1885, to the United States post-office, in the city of New York, to send some money by registered letter to Italy.

Defendant, who was an interpreter, met Borocko in the post-office building, and obtained possession of the money contained in the letter for the purpose of having it registered. He went to the registry department and brought back a registry receipt. The letter, when received at its destination, did not contain the money. The defendant afterwards confessed the theft of the money, and was indicted in the Court of General Sessions of New York county for, and tried and convicted therein of, larceny in the second degree.

Afterward, defendant moved an arrest of judgment, on the grounds stated in the opinion.

*Isaac S. Angel*, for defendant, in motion.

*Randolph B. Martine*, for the people, in opposition.

SMYTH, Recorder—The larceny was committed within the United States post-office building, which stands upon lands conveyed by the corporation of the city of New York to the United States. The jurisdiction of the State of New York having been ceded to the United States by that State, may act only as to the right of the State to execute civil and criminal process upon such lands. This court has no jurisdiction to prosecute or punish the defendant for the larceny commited by him.

The judgment upon and the verdict in this case must, therefore, be arrested, and the defendant must, therefore, be discharged.

NOTE.—By Laws 1857, chapter 762, the State gave its consent to the purchase, by the United States, of the lands upon which the post-office in the city of New York was built, and its jurisdiction ceded by the State of New York to the United States, subject to the condition that the State of New York "shall retain a concurrent jurisdiction with the United States in and to the said lands, so far that all civil and criminal and other process which may issue under the laws or authority of the State of New York, may be executed thereon in the same way and manner as if such consent had not been given or jurisdiction ceded, except so far as such process may affect the real or personal property of the United States."

It is well settled that the United States Courts have no jurisdiction over places within the limits of a State, purchased and occupied by the United States, unless the State has expressly relinquished jurisdiction. United States *v.* Penn, 4 *Hughes*, 491; United States *v.* Travers, 2 *Wheeler*, 490; United States *v.* Stahl, 1 *Woolworth*, 192; 198 *McCahon*, 206. And the places must have been purchased and occupied for some purpose specified in the United States constitution. United States *v.* Tierney, 1 *Bond*, 571.

The act of the legislature ceding the navy yard at Brooklyn, which provides that the cession "shall not prevent the operation of the laws of the State" within the same, has the effect to preserve the jurisdiction of the State over offenses committed on board a government vessel in the navy yard, and over the person of the defendant. People *v.* Lane, 1 *Edm.* 116.